```
       IN THE UNITED STATES DISTRICT COURT FOR THE
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**SHEENA HUNT, Individually and as**
**the Administratrix of the Estate of**
**RUSSELL AARON HUNT,**

      **Plaintiff,**

v.                                     CIVIL ACTION NO. 1:13-0433

**BROOKS RUN MINING COMPANY, LLC,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to remand. Doc. No. 5.  For the reasons set forth below, the motion is denied.

### I.  Factual and Procedural Background

On December 7, 2012, in the Circuit Court of McDowell County, West Virginia, plaintiff Sheena Hunt filed a deliberate intent action against defendant Brooks Run Mining Company, LLC ("Brooks Run") arising out of the death of her husband, Russell Aaron Hunt.  On January 9, 2013, Brooks Run removed the case to this court on the basis of diversity of citizenship.  Plaintiff Hunt is a resident and citizen of McDowell County, West Virginia. See Complaint ¶ 1.  Brooks Run is a Delaware limited liability company.  See Notice of Removal ¶ 8.  The two sole members of Brooks Run are AMFIRE, LLC, and AMFIRE WV, L.P.  See id. at ¶ 9.

AMFIRE, LLC, is a Delaware limited liability company whose sole member is Maxxum Carbon Resources, LLC.  <u>See</u> <u>id.</u>  Maxxum Carbon Resources, LLC, is a Delaware limited liability company whose sole member is Alpha Natural Resources, LLC.  <u>See</u> <u>id.</u>  Alpha Natural Resources, LLC, is a Delaware limited liability company whose sole member is Alpha Natural Resources, Inc. ("Alpha").  <u>See</u> <u>id.</u>  Alpha is a Delaware corporation with, according to the Notice of Removal, its principal place of business in Bristol, Virginia.  <u>See</u> <u>id.</u>

AMFIRE WV, L.P. has two partners:  AMFIRE, LLC and AMFIRE Holdings, LLC.  <u>See</u> <u>id.</u>  AMFIRE Holdings, LLC is a Delaware limited liability company with its principal place of business in Bristol, Virginia.  <u>See</u> <u>id.</u>  The sole member of AMFIRE Holdings, LLC is AMFIRE LLC, the citizenship of which is discussed above.  Accordingly, based on the foregoing, Brooks Run contends that it is a citizen of Delaware and Virginia for purposes of diversity jurisdiction.

Plaintiff has filed a motion to remand this case to the Circuit of Court of McDowell County.  She argues that "Brooks Run is directed, controlled, coordinated, and substantially operated in the State of West Virginia."  <u>See</u> Motion to Remand p. 1.  According to plaintiff, "[t]here is at least an issue of fact" as to whether Alpha's principal place of business is in West Virginia and, therefore, diversity is lacking.  <u>Id.</u> at 5.

## II. Analysis

Federal district courts may exercise diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). Title 28 United States Code Section 1441, known as the "removal statute," provides that a case filed in state court may be removed to federal court when it is shown by the defendant that the federal court has original jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The phrase "between citizens of different states" has been interpreted as requiring "complete diversity," i.e., the citizenship of each plaintiff must be diverse from the citizenship of each defendant. Caterpillar Inc., v. Lewis, 519 U.S. 61, 68 (1996)(citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).

It is well established that the party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied, Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)(citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)), and that any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand, Mulcahey, 29 F.3d at 151 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).

For purposes of diversity jurisdiction, an unincorporated association, such as a limited liability company, is deemed to be a citizen of each state in which its members are citizens. Gen. Tech. Applications, Inc. v. Exro Ltda., 388 F.3d 114, 120 (4th Cir. 2004); see also Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all its members. . . ."). Therefore, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002).

Furthermore, the principal place of business of test applicable to corporate citizenship does not apply to a limited liability company, such as Brooks Run. See Laudermilt v. Taggart Global, LLC, Civil Action No. 1:11-0288, 2012 WL 4018286, *1 n.2 (S.D.W. Va. Sept. 12, 2012); see also Gen. Tech. Applications, Inc., 388 F.3d at 121 ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise."). Accordingly, plaintiff's efforts to establish that Brooks Run's principal place of business is located in West Virginia is misguided, see Motion to Remand at pp. 1-2, because

Brooks Run's principal place of business is irrelevant to the court's inquiry herein.

The sole corporate entity identified as a member or submember of Brook Run is Alpha. Alpha is incorporated in Delaware. However, a corporation is also a citizen "of the State where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1). Title 28 United States Code Section 1332(c)(1) states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." Plaintiff contends that Alpha's citizenship is in question here because, according to her, Alpha's principal place of business is in West Virginia based upon its significant operations in that state.

In the past, the Fourth Circuit used two tests to determine a corporation's principal place of business: the "nerve center test" and the "place of operations test." Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). However, in 2010, in an effort to resolve the differing interpretation given the phrase "principal place of business" by the lower courts, the Supreme Court made clear that "`principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010); see also Cent. W. Va. Energy Co., 636 F.3d at 107 ("In

5

sum, the touchstone now for determining a corporation's principal place of business for diversity purposes is `the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.'") (internal citations omitted). Elaborating, the Supreme Court noted that this is commonly referred to as the corporation's "nerve center" and "will typically be found at a corporation's headquarters." Hertz, 559 U.S. at 80-81.

Brooks Run has alleged that Alpha's principal place of business is in Virginia. In support thereof, it has offered the affidavit of Frank J. Wood, the Executive Vice President and Chief Financial Officer of Alpha. See Affidavit of Frank J. Wood, February 22, 2013, (hereinafter "Wood Aff. at ¶ ___"). According to Mr. Wood, Alpha's principal executive office, as of January 8, 2013, was located in Bristol, Virginia. See Wood Aff. ¶ 3. Mr. Wood also states that the business addresses for himself and the following Alpha officers are located in Bristol, Virginia: the Chairman and Chief Executive Officer; the President; the Executive Vice President & Chief Strategy Officer; the Senior Vice President & Chief Human Resources Officer; the Executive Vice President, General Counsel & Secretary; the Senior Vice President, Communications & Government Affairs; and the Executive Vice President & Chief Commercial Officer. See id. at ¶¶ 4-11. Wood further contends that all of Alpha's "activities

are directed, controlled, and coordinated by the aforementioned officers and directors from Alpha Natural Resources, Inc.'s corporate headquarters in Bristol, Virginia." Id. at ¶ 12. Furthermore, according to Wood's affidavit, Alpha's books and records are maintained at its corporate headquarters in Virginia and all of Alpha's financial, tax, and accounting functions are performed there as well. See id. at ¶¶ 13-14. Based upon the foregoing, the court concludes that the Alpha's "nerve center" is located in Virginia and, therefore, for purposes of diversity, Virginia is Alpha's principal place of business.[*]

In her efforts to persuade the court that Alpha's principal place of business is in West Virginia, plaintiff directs the court to Alpha's website which lists a number of offices in West Virginia. According to plaintiff, given "the overwhelming number of its offices are in West Virginia, it may reasonably be inferred that Alpha's officers direct, control, and coordinate the corporation's activities to a substantial extent in West Virginia." Motion to Remand at p. 5. Plaintiff's argument is without merit. She concedes that the same website notes that

---

[*] In a decision predating Hertz, this court previously found that Alpha's "nerve center" is located in Virginia. See Paitsel v. Brooks Run Mining Co., LLC, Civil Action No. 1:08-00794, Memorandum Opinion and Order of August 12, 2008, at p.7; see also Bledsoe v. Brooks Run Mining Co., LLC, Civil Action No. 5:11-00464, 2011 WL 5360042, *1 n.3 (S.D.W. Va. Nov. 4, 2011) ("Brooks Run's members are not residents of West Virginia. Accordingly, to the extent Plaintiff's motion to remand relies on Brooks Run being a resident of West Virginia, it is denied.") (Berger, J.).

Alpha's corporate headquarters is located in Virginia. Furthermore, her conclusory allegations are not sufficient to call into question Wood's Affidavit which states that all of Alpha's "activities are directed, controlled, and coordinated by the aforementioned officers and directors from Alpha Natural Resources, Inc.'s corporate headquarters in Bristol, Virginia." Wood Aff. at ¶ 12. While plaintiff's focus on Alpha's significant operations in West Virginia might have been relevant under the "place of operations test," it is "not germane to the `nerve center' test as laid out in Hertz." Cent. W. Va. Energy Co., 636 F.3d at 107.

Accordingly, given that neither Brooks Run nor any of its members is a citizen of West Virginia, complete diversity exists.

### III. Conclusion

For the aforementioned reasons, the court hereby **DENIES** plaintiff's motion to remand. Doc. No. 5. The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 10th day of September, 2013.

ENTER:

David A. Faber
Senior United States District Judge